# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00555-CR

**Diane Wilson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 421ST JUDICIAL DISTRICT NO. 2008-231, HONORABLE TODD A. BLOMERTH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Pursuant to a plea agreement, Diane Wilson pleaded guilty to a charge of burglary of a building. The court deferred adjudication, and Wilson was placed on community supervision for ten years. She filed a notice of appeal in which she acknowledged that the punishment assessed does not exceed the punishment recommended by the prosecutor and to which she and her attorney agreed. Wilson nevertheless asserts her intention to appeal pretrial rulings including the denial of her motions to dismiss, to suppress a written statement, and to set aside her indictment based on the lack of a speedy trial. The trial court certified that this "is a plea bargain case, and the defendant has NO right of appeal." *See* Tex. R. App. P. 25.2(d).

Wilson and her attorney both signed the "Admonishments, Plea Agreement, Waiver of Rights, and Stipulation of Evidence Regarding Plea of Defendant." The admonishments section of that agreement provides that, if the punishment assessed does not exceed the punishment

recommended by the prosecutor and agreed to by Wilson and her attorney, Wilson must obtain the trial court's permission to appeal any matter except for those raised by pretrial, written motion. The waiver of rights section, however, provides that "Defendant waives the right to file a Motion for New Trial, waives the right to pursue an appeal of the conviction and sentence herein, and waives all rights contained in the written and oral admonishments given by the Court." Wilson and her attorney both signed the agreement immediately below the waiver of rights section.

The rules of appellate procedure provide that "[t]he appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." Tex. R. App. P. 25.2(d). No such certification has been made part of the record. We must dismiss this appeal.

Dismissed.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Dismissed

Filed:   October 23, 2009

Do Not Publish

2